___



**SO ORDERED,**

**Judge Neil P. Olack**
United States Bankruptcy Judge
Date Signed: May 15, 2020

The Order of the Court is set forth below. The docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

ANITA S. GUTIERREZ,                                                   CASE NO. 20-50129-NPO

ALLEGED DEBTOR.                                                       CHAPTER 7

### MEMORANDUM OPINION AND ORDER DENYING
### RELIEF REQUESTED UNDER RULE 12(b)(6) OF THE
### FEDERAL RULES OF CIVIL PROCEDURE CONTAINED
### IN THE MOTION TO DISMISS INVOLUNTARY PETITION AND
### ALTERNATIVELY FOR ABSTENTION UNDER § 305 AND OTHER RELIEF

This matter came before the Court for telephonic hearing on May 6, 2020 (the "Hearing"), on the Involuntary Petition Against an Individual (the "Petition") (Dkt. 1) filed by the petitioning creditor, Hancock Whitney Bank ("Hancock Whitney"); the Motion to Dismiss Involuntary Petition and Alternatively for Abstention under § 305 and Other Relief (the "Motion") (Dkt. 7) filed by the alleged debtor, Anita S. Gutierrez (the "Alleged Debtor"); the Hancock Whitney Bank's Response and Defenses to Motion to Dismiss Involuntary Petition and Alternatively for Abstention under § 305 and Other Relief (Dkt. 21) filed by Hancock Whitney; and the Alleged Debtor's Reply to Hancock Whitney's Response to Motion to Dismiss and for Abstention (Dkt. 25) filed by the Alleged Debtor in the above-referenced involuntary chapter 7 proceeding. At the Hearing, Derek A. Henderson represented Hancock Whitney and Patrick A. Sheehan represented the Alleged Debtor. At the Hearing, the Court took under advisement the narrow issue raised by

the Alleged Debtor under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[1] (Dkt. 38, 39). The Court finds as follows:

## Jurisdiction

This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and/or (O). Notice of the Hearing was proper under the circumstances.

## Facts

1. On January 24, 2020 (the "Petition Date"), Hancock Whitney used Official Form 105: Involuntary Petition Against an Individual ("Official Form 105") to file the Petition under chapter 7 of the United States Bankruptcy Code against the Alleged Debtor. (Dkt. 1). The Petition provides the last four digits of the Alleged Debtor's social security number and her address at her principal residence, 8512 Daisy Vestry Road, Biloxi, Mississippi 39532 (the "Principal Residence"). (Dkt. 1 at 1-2). The Petition asserts that the Alleged Debtor has resided at the Principal Residence over the last 180 days prior to the Petition Date. (Dkt. 1 at 1-3).

2. In the Petition, Hancock Whitney asserts a claim against the Alleged Debtor in the amount of $1,191,293.51 arising from a judgment dated January 2, 2019, against the Alleged Debtor and her son, Clayton F. Gutierrez, in the Circuit Court of Harrison County, Mississippi (the "Circuit Court Judgment"). (Dkt. 1 at 3; Dkt. 7-2). The Petition also alleges that Hancock Whitney is eligible to file the Petition under 11 U.S.C. § 303(b) and that the Alleged Debtor may be the subject of an involuntary case under 11 U.S.C. 303(a). In that regard, the Petition contends that

---

[1] Rule 12(b) is made applicable to involuntary petitions by Rule 1011(b) and Rule 7012 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 1011. The Alleged Debtor asserted in the Motion an alternative argument that the Court should abstain from entering an order for involuntary relief under 11 U.S.C. § 305(a). That assertion is not addressed in this Order.

the Alleged Debtor is generally not paying her debts as they become due and that the debts are not the subject of a bona fide dispute as to liability or amount.  (Dkt. 1 at 3).

3.      On February 18, 2020, the Alleged Debtor filed the Motion.  (Dkt. 7).  In the Motion, the Alleged Debtor asserts under the heading "Motion to Dismiss" that the Petition should be dismissed because: (1) "[T]he Petitioners [sic] cannot show that [the Alleged Debtor] was not generally paying her debts as they became due at the time of the filing of the Involuntary Petition"; (2) "[T]he Petitioner filed the Involuntary Petition for the improper purpose of substituting involuntary bankruptcy proceedings for customary collection remedies"; (3) "[T]he Petitioner filed the Involuntary Petition for the improper purpose of using it as a litigation tactic"; (4) "[T]he Petitioner failed to exhaust state court remedies before resorting to the filing of the Involuntary Petition";  and (5) the subject of the Petition is a "Two Party Dispute Case."  (Dkt. 7 at 5-11).  In the alternative, the Alleged Debtor contends that the Court should abstain from exercising jurisdiction under 11 U.S.C. § 305(a).  As additional relief, the Alleged Debtor seeks an award of "costs, reasonable attorney's fees, damages or punitive damages, and other relief" under 11 U.S.C. § 303(i)-(k). (Dkt. 7 at 6, 11-12).  The Alleged Debtor attached the Declaration of Anita S. Gutierrez and other documents to the Motion.  (Dkt. 7-1, 7-2, & 7-3).

4.      At a status conference on April 16, 2020, the parties agreed to limit their arguments at the Hearing to the issues raised in the Motion under Rule 12(b)(6) and not to present any testimony or other evidence at the Hearing.  (Dkt. 38).  If the Court denied the Motion, then the parties would proceed with any remaining issues at the trial on the Petition.  (Dkt. 39).

**Discussion**

The Motion is styled more as an answer to the Petition than as a traditional motion to dismiss for failure to state a claim upon which relief can be granted. The Court considers only the allegations in the Motion that relate to the relief sought under Rule 12(b)(6).

**I.     Motion to Dismiss Standard**

"Rule 8 of the Federal Rules of Civil Procedure, . . . provides that a pleading shall set forth a short, plain statement of the claim showing that the pleader is entitled to relief."[2] *In re Rambo Imaging, L.L.P.*, No. 07-11190-FRM, 2007 WL 3376163, at *7 (Bankr. W.D.Tex. Nov. 8, 2007) (quoting *Black v. First Nat'l Bank of Mobile,* 255 F.2d 373, 375 (5th Cir. 1958)). The U.S. Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Fifth Circuit has noted that "[w]here the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). In considering a motion to dismiss under Rule 12(b)(6) for failure to properly state a claim, a complaint must be liberally construed in favor of the plaintiff and all well-pleaded

---

[2] Rule 8(a) prescribes the general rules of pleading for claims for relief and is incorporated and made applicable to an involuntary proceeding under Rule 1018 of the Federal Rules of Bankruptcy Procedure. *See also In re Alta Title Co.*, 55 B.R. 133, 141-42 (Bankr. Utah 1985).

facts must be taken as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint.").

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The determination of "whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Id*. at 679. The plausibility standard, however, does not give the court a license to look behind the allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial. *Papin v. Univ. of Miss. Med. Ctr.*, 347 F. Supp. 3d 274 (S.D. Miss. 2018). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "While it is conceivable that an involuntary petition might be so clearly defective on its face as to warrant dismissal, generally it would be treated with the same liberality as a civil complaint." *In re Rambo Imaging, L.L.P.*, 2007 WL 3376163, at * 7.

A court's review of a motion to dismiss under Rule 12(b)(6) ordinarily is limited to the contents of "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019). A court also may take judicial notice of matters of public record. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

**II.     Involuntary Petition**

Rule 9009(a) of the Federal Rules of Bankruptcy Procedure ("Rule 9009") requires parties to use the Official Forms prescribed by the Judicial Conference of the United States in filing a

bankruptcy petition without alteration, and their legal sufficiency is generally assumed. FED. R. BANKR. P. 9009; *see In re Rambo Imaging, L.L.P.*, 2007 WL 3376163, at *10. As the *Rambo* court concluded, "[A] review of the history of the Federal Rule of Bankruptcy Procedure governing petitions and involuntary filings supports the conclusion that the use of the Official Form in this case should be found sufficient to overcome the Rule 12(b)(6) challenge." *Id.* at 11; *see* FED. R. BANKR. P. 1003 (1983 version) ("A petition commencing an involuntary case shall be filed with the bankruptcy court and shall conform substantially to Official Form 11."). Indeed, the Advisory Committee Notes to the 1983 version of Rule 1003 of the Federal Rules of Bankruptcy Procedure provide that the Official Form contains the required allegations as specified in § 303(b) of the Code. FED. R. BANKR. P. 1003(a) advisory committee's note to 1983 amendment. Hancock Whitney filed the Petition using Official Form 105. (Dkt. 1). For purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts the well-pleaded factual allegations in the Petition as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005).

In determining if an involuntary petition withstands a motion to dismiss, the Court must look at the substantive requirements under 11 U.S.C. § 303 ("§ 303"). *In re Green Hills Dev. Co.*, 445 B.R. 647, 654 (Bankr. S.D. Miss. 2011). The factual allegations necessary to support an involuntary petition are relatively few and simple. *In re Rambo Imaging, L.L.P.*, 2007 WL 3376163, at * 8. A petitioning creditor must establish: (1) that the alleged debtor can be a debtor under chapter 7 or 11 of the Bankruptcy Code; (2) that the petitioning creditor has standing to file an involuntary petition under § 303(b); and (3) that the alleged debtor is generally not paying her debts as they become due and the debts are not the subject of a bona fide dispute as to liability or amount. 11 U.S.C. § 303(a), (b), (h); *see In re Kennedy*, 504 B.R. 815, 820-21 (Bankr. S.D. Miss. 2014).

### A. Section 303(a): Can the Alleged Debtor be a debtor under chapter 7?

Section 303(a) provides: "[a]n involuntary case may be commenced only under chapter 7 or 11 of this title and only against a person . . . that may be a debtor under the chapter under which such case is commenced."  11 U.S.C. § 303(a).  Section 109 defines eligibility for liquidation under the Bankruptcy Code.  11 U.S.C. § 109.  Section 109 provides that the alleged debtor must be "a person that resides or has a domicile, a place of business, or property in the United States."  11 U.S.C. § 109(a).  Here, Hancock Whitney filed the Petition against the Alleged Debtor under chapter 7.  (Dkt. 1).  The Petition alleges that the Alleged Debtor is an individual that resides at the Principal Residence, which is in the United States. (Dkt. 1 at 2).  At the Hearing, the Alleged Debtor conceded this allegation.  (Hr'g 10:39:00-10:39:08) (May 6, 2020).[3]

### B. Section 303(b): Does Hancock Whitney have standing to file the Petition?

Section 303(b) provides:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $10,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $15,775 of such claims;

11 U.S.C. § 303(b).  The Alleged Debtor does not contest that Hancock Whitney obtained a judgment against her in the amount of $1,111,293.51.  The Alleged Debtor attached the Circuit

---

[3] The Hearing was not transcribed.  The citation is to the timestamp of the audio recording.

Court Judgment to the Motion and does not contend that the Circuit Court Judgment is not a valid judgment.[4] The Alleged Debtor does not contest that the Hancock Whitney debt exceeds the statutory threshold of $15,775.00. (Hr'g 10:39:00-10:39:08) (May 6, 2020).

### C. Section 303(h): Is the Alleged Debtor generally not paying her debts as they become due and are the debts the subject of a bona fide dispute as to liability or amount?

The allegation that the Alleged Debtor's debt to Hancock Whitney is not the subject of a bona fide dispute is a negative statement. The factual allegations necessary to support this statement would consist of the petitioner not reciting facts but reciting the absence of facts indicating a bona fide dispute. That allegation may reasonably be inferred by the absence of facts and by the allegation on Official Form 105 that Hancock Whitney is eligible to be a petitioning creditor under § 303(b)(2). *See In re Rambo Imaging, L.L.P.*, 2007 WL 3376163, at * 9.

At this early stage of litigation, the Court must take the allegations in the Petition as true. By expressly alleging on Official Form 105 that it is eligible to be a petitioning creditor under § 303(b)(2), Hancock Whitney has incorporated that section's language that its claim is not contingent or the subject of a bona fide dispute to an extent that it should be considered to have made the allegation that the Alleged Debtor is not paying her debts as they become due and that these debts are not the subject of a bona fide dispute. While the Alleged Debtor's Motion disputes these allegations, a motion to dismiss under 12(b)(6) considers only the contents of "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin*, LLP, 912 F.3d 759, 763 (5th Cir. 2019). Rule 9009(a) states that "[t]he Official Forms

---

[4] The Motion includes allegations regarding the Circuit Court Judgment, specifically litigation in the Chancery Court of Jackson County, Mississippi, but does not challenge the validity of the Circuit Court Judgment. (Dkt. 7).

prescribed by the Judicial Conference of the United States *shall* be used without alteration." FED. R. BANKR. P. 9009(a) (emphasis added). The mandate in Rule 9009(a) that a party use the Official Forms suggests that the use of Official Form 105 is legally sufficient to state a claim. Requiring additional information outside the Official Form would suggest the Official Form is somehow deficient. As a result, the Court finds that Hancock Whitney has sufficiently pleaded the required allegations to withstand a motion to dismiss under Rule 12(b)(6).

## Conclusion

The Petition in this case shows that Hancock Whitney asserts a claim, shows the amount of the claim and the nature of the claim and, through reference to § 303(b), incorporates allegations that address the requirements of § 303(h) that the claim not be the subject of a bona fide dispute. The Court concludes that the purposes of Rule 12(b)(6) are not necessarily served by dismissal of a contested involuntary petition prior to a trial on the merits. One of the purposes of Rule 12(b)(6) motions is to dispose quickly, inexpensively, and efficiently of litigation that on its face is clearly meritless. *Bell Atlantic*, 550 U.S. at 556 ("when the allegations in a complaint, however, true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court" (internal quotations & citations omitted)). In this case, however, the Rule 12(b)(6) procedures, rather than enabling a swifter disposition for the litigation, at best duplicate the already streamlined procedures applicable to involuntary petitions in bankruptcy which themselves expressly require the Court to determine the issues of a contested petition "at the earliest practicable time." *See* FED. R. BANKR. P. 1013. While the use of Rule 12 is allowed in the context of an involuntary petition, its benefits in this context appear to be limited, and the Court finds that the better approach, and the one consistent with the policy of disposing of litigation on the merits, for issues such as those raised by the Motion

here, is a prompt trial on the merits. Based on the foregoing reasons, the Court finds that the Motion should be denied.

IT IS, THEREFORE, ORDERED that the relief requested in the Motion under Rule 12(b)(6) is hereby denied.

IT IS FURTHER ORDERED that the Court will hear the issues that remain in the Motion at a later scheduled hearing.

##END OF OPINION##